DANIEL T. FULLER *vs.* NATHANIEL P. P. BROWN & another.

A special agreement was made by A. and B., that A. should work for B., and that, if he should be dissatisfied and wish to leave the service, he would give B. four weeks' notice, and work for him four weeks after the notice, and then receive his pay: After A. had begun to work under this agreement, he became sick and unable to work, and left B. without giving four weeks' notice, and remained sick for several weeks. *Held,* that this agreement as to notice applied to a voluntary leaving of the service by A., and not to a leaving by reason of his sickness and inability to continue therein ; and that he was entitled to recover a proper compensation for the work which he had done.

ASSUMPSIT for work and labor. At the trial in the court of common pleas, before *Merrick,* J. the defendants admitted that the work was done for them by the plaintiff, and their defence was, that it was done under a special contract, by which the plaintiff agreed that if he should be dissatisfied and wish to leave, he would give the defendants four weeks' notice, and work four weeks afterwards, and then receive his pay ; that the plaintiff left the defendants, without giving such notice ; and that the damages caused by his so leaving were more than the work done by him was worth.

The plaintiff introduced evidence tending to show (among other things) that he was sick when he quitted work, and remained sick and unable to labor for several weeks.

The judge instructed the jury, " that if they were satisfied that the plaintiff was sick when he quitted work, and was unable to continue working by reason of sickness, he was justified in leaving without notice, and was entitled to recover his wages, without deduction for damages."

A verdict was returned for the plaintiff, and the defendants alleged exceptions to the instructions given to the jury.

Fuller *v.* Brown & another.

*Hartshorn,* for the defendants, cited Story on Con. § 668. Story on Bailm. (2d ed.) §§ 36, 37. *Hunt* v. *Otis Co.* 4 Met. 464. *Beebe* v. *Johnson,* 19 Wend. 502. *Mill Dam Foundery* v. *Hovey,* 21 Pick. 431, 441. *Beatson* v. *Schank,* 3 East, 247. *Shubrick* v. *Salmond,* 3 Bur. 1637.

*E. Fuller,* for the plaintiff, cited *Dickey* v. *Linscott,* 7 Shepley, 453.

DEWEY, J. The plaintiff has performed valuable services for the defendants, in personal labor, and is entitled to recover a reasonable compensation therefor, unless he is barred of that right by reason of certain stipulations entered into by him at the time he went into the service of the defendants. This agreement was to this effect; " that if the plaintiff was dissatisfied and wished to leave, he was to give the defendants four weeks' notice before leaving."

The plaintiff insists that there was on his part no violation of that stipulation, giving it its legal effect and proper construction ; that the agreement not to leave without four weeks' previous notice, had reference to a voluntary withdrawing, or abandonment of the service of the defendants, and that an inability occasioned through a visitation of Providence, such as an inability by reason of sickness which should absolutely disqualify the party for performing the stipulated duties, would justify his leaving without giving the four weeks' notice previous to leaving, and that he might recover a proper compensation for the services actually performed, notwithstanding such stipulation. This view, we think, is a correct and sound one. When limited to contracts for personal services, it is entirely reasonable, and must be taken as a part of the stipulation.

The cases of *Stark* v. *Parker,* 2 Pick. 267, and *Olmstead* v. *Beale,* 19 Pick. 528, and others of the same class, where leaving the service of the employer has been held to occasion a forfeiture of all wages for previous service, have been cases of voluntary withdrawing, in violation of contract.

The stipulation of notice, in the case before us, had reference to such voluntary withdrawing, and not to the case of

sickness incapacitating the party from continuing to labor. The defence, therefore, cannot prevail.

No question was raised before us as to the amount to be recovered for the services actually performed ; whether it was to be at the rate per month stipulated for the entire period, or for a proper compensation for the time, taking into consideration the contract for the whole period, and the relative value of the labor for that part of it in which the plaintiff was in the service of the defendants ; and we express no opinion upon that point. *Exceptions overruled.*